# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 20, 2009

138153

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

MARK ALLEN WOOLSEY,
      Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 138153
COA: 288666
Macomb CC: 2004-003971-FC

      On order of the Court, the application for leave to appeal the December 4, 2008 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the assessments of court-appointed attorney fees imposed by the Macomb Circuit Court, and REMAND this case to that court for reconsideration of the assessments in accordance with the statutory procedure and *People v Jackson*, 483 Mich 271 (2009). We note confusion in the circuit court record, and contradictory statements by the trial judge, regarding the applicable statutes and case law. Under MCL 769.1*l* and *Jackson*, a prisoner may be required to commence repayment of attorney fees through the entry of an order to remit. Where an order to remit has been entered pursuant to MCL 769.1*l*, the prisoner is generally presumed to be able to commence repayment. *Jackson, supra* at 275. In addition, MCL 600.4803(1) permits a trial court to impose a 20% late fee on outstanding balances of fees imposed against a defendant, including a fee for a court-appointed attorney. In this case, we observe that at the resentencing hearing the circuit court stated that it was assessing a 20% late fee for nonpayment, yet it also suggested that repayment was suspended while the defendant remained incarcerated. Neither the January 9, 2008 judgment of sentence nor the March 18, 2008 order to remit indicates a due date for payment of the fees. On remand, the Macomb Circuit Court shall resolve these inconsistencies, and shall also address the defendant's contention that monies have already been deducted from his prisoner account. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

      We do not retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 20, 2009                                 
d1117                                      Clerk